UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED WESTERN BANK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-408 (ESH) |
| | ) | |
| OFFICE OF THRIFT SUPERVISION, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY OFFICE OF THRIFT SUPERVISION AND JOHN E. BOWMAN

Defendants the Office of Thrift Supervision ("OTS") and its Acting Director, John E. Bowman ("Acting Director"), bring this motion pursuant to Fed. R. Civ. P. 12(b)(1) and in the interests of judicial economy to raise a threshold issue of subject-matter jurisdiction before the Court. This motion does not address the merits of the case.

Plaintiffs United Western Bancorp, Inc. (the "holding company"), Guy A. Gibson, Michael J. McCloskey, James H. Bullock, Charles J. Berling, and Robert T. Slezak (collectively, the "individual directors") bring this action for themselves and allegedly on behalf of United Western Bank (the "bank" or "association"), challenging the decision of the Acting Director to appoint a receiver for United Western Bank. There is no waiver of sovereign immunity that permits the holding company or any other third party, including individual directors of the holding company or the bank, to challenge OTS's receivership decision. Further, as explained herein, the association's board of directors apparently failed to authorize a challenge to the receivership within the strict 30-day statutory deadline for the filing of a lawsuit to seek judicial review of the receivership decision. Accordingly, the Court lacks subject-matter jurisdiction to

hear all claims – whether styled as claims filed by third parties "on behalf of" the association as "real parties in interest," or by the association itself.

## A.  BACKGROUND

In response to the savings and loan crisis of the 1980s, Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA").  Pub. L. No. 101-73, 103 Stat. 183-553 (1989) (codified at 12 U.S.C. § 1461 *et seq.*).  FIRREA created OTS and gave its Director extremely broad regulatory powers in order to provide for the safe and sound operation of savings associations.  *See Franklin Sav. Ass'n v. Office of Thrift Supervision*, 934 F. 2d 1127, 1136 (10th Cir. 1991) *cert. denied* 503 U.S. 937 (1992)("*Franklin I*").  Among other things, FIRREA gives the Director the power to appoint a receiver or conservator for any federally insured savings association, such as United Western Bank, "if the Director determines, in the Director's discretion, that 1 or more of the grounds specified in section 11(c)(5) of the Federal Deposit Insurance Act [12 U.S.C. § 1821(c)(5)] exists."  12 U.S.C § 1464(d)(2)(A).

On January 21, 2011, the Acting Director appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the association.  Based upon an administrative record, the Acting Director found that, in his discretion, three separate statutory grounds for receivership existed:  (i) the association was in an unsafe and unsound condition to transact business (12 U.S.C. § 1821(c)(5)(C)); (ii) the association was likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business (12 U.S.C. § 1821(c)(5)(F)); and (iii) the association was undercapitalized (as defined in 12 U.S.C. § 1831o(b)) and had failed to submit a capital restoration plan acceptable to the OTS within the time prescribed by the OTS

under 12 U.S.C. § 1831o(e)(2)(D) (12 U.S.C. § 1821(c)(5)(K)(iii)). *See* Exhibit 1, OTS Receivership Order for United Western Bank.[1]

Plaintiffs challenge that appointment pursuant to 12 U.S.C. § 1464(d)(2)(B), alleging that the administrative decision was arbitrary and capricious and that the Acting Director exceeded his statutory authority to appoint a receiver.

## B. THE PLAINTIFFS

United Western Bank was a federally-chartered savings association with eight offices in Colorado. A copy of the association's charter is Exhibit 2. A copy of the approved by-laws of the association is Exhibit 3. Article III, Section 2 of the bank's by-laws specifies that the association shall have nine members of its board of directors. Article III, Section 7 of the by-laws specifies that a "majority of the number of directors fixed by Section 2", in other words five directors, "shall constitute a quorum for the transaction of business at any meeting of the Board of Directors…"

The Complaint does not allege that the board of directors of the association authorized the filing of the instant suit. Instead, the Complaint asserts that the association brings this action "by and through United Western Bancorp, Inc. ("UWBI"), and the individual plaintiffs in their capacity as directors of the bank and/or officers of UWBI." *Id.* ¶1 The Complaint specifically alleges that, in contrast to the association, "UWBI is authorized by its Board of Directors to file this suit on behalf of [the association] and on its own behalf." *Id.* ¶19.

Five of the plaintiffs are individuals. Two individuals (Gibson and Bullock) allegedly were or are directors of the holding company as well as the association and purportedly bring this suit on behalf of the holding company, the association, and individually. *Id.* ¶¶20, 22. One

---

[1]     All exhibits are submitted with the declaration of undersigned counsel offered herein.

individual (McCloskey) allegedly was or is an officer, general counsel, and director of the holding company and purportedly brings this suit on behalf of the holding company and individually. *Id.* ¶21. One individual (Berling) allegedly is or was a director of the association and purportedly brings suit on behalf of the association and individually. *Id.* ¶23. The final individual (Slezak) allegedly is or was a director of the holding company and purportedly brings this suit on behalf of the holding company and individually. *Id.* ¶24.

Finally, the Complaint also alleges that "UWBI, as the Bank's sole shareholder, UWBI's directors, and the Bank's pre-receivership directors, constitute the real parties in interest and can maintain this action under 12 U.S.C. § 1464(d)(2)(B) in the name of [the association] to challenge the receivership." *Id.* ¶25.

## C. **LEGAL STANDARDS**

The statute controlling judicial review of OTS receivership decisions is found at 12 U.S.C. § 1464(d)(2)(B) and states in relevant portion that the association may challenge a receivership within 30 days of the appointment:

> (B) Power of appointment; judicial review
>
> The Director shall have exclusive power and jurisdiction to appoint a conservator or receiver for a Federal savings association. If, in the opinion of the Director, a ground for the appointment of a conservator or receiver for a savings association exists, the Director is authorized to appoint ex parte and without notice a conservator or receiver for the savings association. In the event of such an appointment, the association may, within 30 days thereafter, bring an action in the United States district court for the judicial district in which the home office of such association is located, or in the United States District Court for the District of Columbia, for an order requiring the Director to remove such conservator or receiver, and the court shall upon the merits dismiss such action or direct the Director to remove such conservator or receiver.

Fed. R. Civ. P. 12(b)(1) states, in relevant portion, that every "defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction."

Plaintiffs bear the burden of proving that subject-matter jurisdiction exists in this action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## D.  ARGUMENT

It is well settled that the United States, as sovereign, is immune from suits unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity also extends to agencies of the Federal government, including OTS. *FDIC v. Meyer*, 510 U.S. 471 (1994); *Transohio Sav. Bank v. Office of Thrift Supervision*, 967 F. 2d 598, 606 (D.C. Cir. 1992); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1327 (6th Cir. 1992) (sovereign immunity extends to OTS). Any waiver of sovereign immunity must be strictly construed in favor of the sovereign. *Orff v. United States*, 545 U.S. 596, 601-02 (2005); *Trout v. Sec'y. of the Navy*, 317 F.3d 286, 289-90 (D.C. Cir. 2003). Therefore a waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Mitchell*, 445 U.S. at 538; *United States v. King*, 395 U.S. 1, 4 (1969). The terms of the United States's consent to be sued defines the Court's jurisdiction to hear the case. *Mitchell*, 445 U.S. at 538.

The law explicitly limits judicial review of the Director's decision to appoint a receiver to an action brought by the association. 12 U.S.C. § 1464(d)(2)(B). A further provision of the same statute explicitly bars any other judicial review or action:

> Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver or, except at the request of the Director, to restrain or affect the exercise of powers or functions of a conservator or receiver.

12 U.S.C. § 1464(d)(2)(D).

These statutory provisions are unambiguous, and where the words of a statute are unambiguous, the courts must follow what Congress has written. *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992); *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 35 F.3d 1466, 1470 (10th Cir. 1994) ("*Franklin II*").

In short, the limited waiver of sovereign immunity permits only the association placed into conservatorship or receivership by the Director to challenge the appointment. Courts interpreting 12 U.S.C. § 1464(d)(2)(B) have held that shareholders, bondholders, depositors, debtors, affiliated corporate entities and other third parties may not mount such a challenge; the Court lacks subject-matter jurisdiction absent a challenge by the association. *See, e.g., Marietta Franklin Securities Co. v. Muldoon*, 972 F.2d 128 (6th Cir. 1992) (corporate owner of failed savings association may not challenge decision to place association into receivership); *United Liberty*, 985 F.2d at 1331(investor may not challenge appointment); *Franklin II*, 35 F.3d at 1469 (holding company may not challenge appointment). *See also Shemonsky v. Office of Thrift Supervision*, 733 F. Supp. 892 (M.D. Pa.) *aff'd* 922 F.2d 833 (3d Cir. 1990) *cert. denied* 499 U.S. 965 (1991) (individual officer of association may not challenge appointment) and *Resolution Trust Corp. v. Commerce Partners*, 132 F.R.D. 443, 446 (W.D. La. 1990) (debtor of failed savings association may not challenge appointment).

Since the Complaint fails to establish proper subject-matter jurisdiction for the Court, OTS brings this motion pursuant to Fed. R. Civ. P. 12(b)(1). Should the Court deny all or a portion of this motion, OTS will at the appropriate time offer a summary judgment motion that will substantively demonstrate that the receivership action met the requirements of law and was neither arbitrary nor capricious.

1. **The Court lacks jurisdiction to hear a challenge to the receivership brought by the holding company.**

The decisions of courts that have explicitly considered whether subject matter jurisdiction

exists for holding company challenges under the OTS's receivership statute have determined that

FIRREA does not provide such jurisdiction.

As the Tenth Circuit explained:

> The terms of the United States's consent to be sued defines the
> court's jurisdiction to hear the case.  Through 1464(d)(2)(B) the
> United States has waived its sovereign immunity to be sued by the
> association.  This waiver of sovereign immunity is limited and
> explicit; only the association is authorized by Congress to seek
> judicial review of the Director's appointment of the receiver.
> Congress has not authorized stockholders of a savings and loan
> association to sue under this portion of FIRREA, only the
> association.  The Holding Company lacks standing to sue the
> Director.

*Franklin II*, 35 F.3d at 1469 (internal citations omitted).

The Sixth Circuit reached a similar conclusion when reviewing an appeal of a holding

company's challenge to overturn an OTS receivership.  *Marietta Franklin*, 972 F.2d at 129.

Moreover, even assuming, *arguendo*, that the holding company might have had standing

to bring a receivership challenge on behalf of the association, which it clearly does not, the facts

in this case establish that as of January 21, 2011, United Western Bancorp, Inc. voluntarily and

permanently sought to relinquish any control it may have continued to exercise over the bank

pursuant to 12 C.F.R. § 584.1(d).  Exhibit 4.  On January 21, 2011, the holding company's

counsel expressly represented "the Holding Company no longer controls United Western Bank,

Denver, Colorado" and requested that OTS "release the Holding Company from registration as a

savings and loan holding company effective as of January 21, 2011." *Id.*  The next business day,

January 24, 2011, OTS granted the holding company's request and acknowledged that the

holding company no longer directly or indirectly controlled a savings association. Exhibit 5 (stating that "[a]s a result of the receivership action, United Western Bancorp, Inc. (Company) is deemed no longer to control United Western Bank"). *See also* 12 U.S.C. § 1467a (requiring registration of any company that directly or indirectly controls a savings association) and 12 C.F.R. § 584.1(d) (permitting OTS to deregister a registered savings and loan holding company if the OTS "shall determine that such company no longer has control of any association"). By voluntarily relinquishing its status as a savings and loan holding company, United Western Bancorp, Inc. forfeited any basis to invoke the Court's jurisdiction on behalf of the association.

### 2. Individual directors for the holding company or bank may not bring suit.

Just as the Court lacks subject-matter jurisdiction to hear the holding company's claim under 12 U.S.C. § 1464(d)(2)(B), the individual directors of the association and/or of the holding company also may not, either individually or on behalf of the association, challenge the receivership appointment. The individual directors named as plaintiffs variously serve on the holding company's and/or the association's boards of directors. The statute does not waive sovereign immunity so as to allow individuals to bring suit on behalf of the association. Instead, the courts have consistently held that neither shareholders, nor directors, nor debtors of a savings association placed into receivership by OTS may challenge the receivership decision.

For example, in *Shermonsky*, the reviewing court dismissed a challenge to an OTS receivership brought by the chairman of the board of an association placed into receivership, in part because the court lacked subject-matter jurisdiction to hear such an individual's challenge. *Shermonsky*, 733 F. Supp. at 894-95. Again, in *United Liberty*, the Sixth Circuit held that a major investor in a savings association could not challenge an OTS receivership appointment. *United Liberty*, 985 F.2d at 1328. Finally, in *Resolution Trust Corp. v. Friesen*, 783 F. Supp.

1292, 1297 (D. Kan. 1992) and *Commerce Partners*, 132 F.R.D. at 445-47 the courts held that individual debtors may also not challenge the receivership.

In sum, the statute providing for judicial review of an OTS receivership appointment only authorizes a lawsuit with one plaintiff, the failed savings association, and one defendant, OTS. Congress explains this very simply in one paragraph, and the courts that have reviewed this issue have agreed with this straightforward interpretation. Accordingly, plaintiffs United Western Bancorp, Inc., Guy A. Gibson, Michael J. McCloskey, James H. Bullock, Charles J. Berling, and Robert T. Slezak should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(1).

3. **The board of directors of the association apparently did not authorize the filing of the instant suit before the statutory deadline expired, and accordingly, any purported claim by the association must be dismissed as well.**

The business and affairs of the association are under the control of the association's board of directors. 12 C.F.R. § 552.6-1(a). The association and its board of directors must act pursuant to the association's charter and bylaws, which contain specific notice, meeting, and other requirements for board actions and do not authorize individual directors to bring suit on behalf of the association. Exhibits 3 and 4. Given these facts, formal action by United Western Bank's board of directors was necessary in order to authorize the association to bring this suit. *Gaubert v. Federal Home Loan Bank Bd.*, 863 F.2d 59, 67 (D.C. Cir. 1988) (the language of 12 U.S.C. § 1464 "suggests that Congress fully expected that challenges to the appointments of receivers would originate in the board of directors"). Following the appointment of a receiver the board of directors of a savings association retains the authority to challenge that appointment—its "one remaining power." *Id.* at 67, *citing First Sav. & Loan Ass'n v. First Fed. Sav. & Loan Ass'n*, 547 F. Supp. 988, 994 (D. Hawaii 1982).

Upon information and belief, United Western Bank's board of directors did not take the necessary corporate actions to authorize the filing of the suit presently before this Court.[2] Only three directors of the association are named as plaintiffs. Complaint ¶¶20, 22-23. The Complaint's allegations and listing of individuals also suggests that the association's board of directors did not timely authorize the filing of the challenge, portraying the action as one brought on behalf of the association "by and through" the holding company and a few specified individuals as "real parties in interest." Complaint ¶¶1, 25. Similarly, while plaintiffs allege that United Western Bancorp, Inc. "is authorized by its Board of Directors to file this suit on behalf of United Western and its own behalf," no such allegation is made regarding authorization by United Western Bank's separate and distinct board of directors. Complaint ¶¶18-19.

It is the "general rule that a corporate officer has no individual right of action against a third party for alleged wrongs inflicted on the corporation, even if the officer is the sole shareholder." Fletcher Cycl. Law of Corp. § 472.50 (2006). "The board of directors of a private business corporation have the power to institute, prosecute, compromise, or appeal suits at law and in equity that the corporation brings or that are brought against it, provided, of course, that the directors act as a body and not as individuals in authorizing an action." *Id.* § 535.

As discussed above, Congress has granted a narrow waiver of sovereign immunity under 12 U.S.C. § 1464(d)(2)(B) only in cases where "the association" seeks judicial review within 30 days of a decision by the OTS to appoint a receiver. The association can do so only with proper board authorization, and it has not done so in the present case.

---

[2]    Prior to the filing of this motion, counsel for the plaintiffs and Defendant OTS conferred regarding the issue of board authorization. On March 1, 2011, undersigned counsel requested the plaintiffs provide a copy of an executed board of directors resolution from the association authorizing suit, or provide confirmation that none existed. *See* Exhibit 6. The plaintiffs responded that they would not provide such information. *Id.*

The apparent failure of the association's board of directors to authorize suit prior to the

expiration of the strict 30 day deadline is fatal to this action and cannot be cured now. The

limited waiver of the United States' sovereign immunity allowing the association itself to file a

receivership challenge applies only to challenges filed by the association "within 30 days" of the

date of receivership. 12 U.S.C. § 1464(d)(2)(B). Because this statutory deadline establishes this

term of the United States's consent to be sued, it defines the Court's jurisdiction to hear the case

and cannot be extended. Courts "should not take it upon [themselves] to extend the waiver

beyond that which Congress intended." *Sexton v. United States*, 832 F.2d 629 (D.C. Cir. 1987)

(quoting *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) and citing *Library of Congress v.*

*Shaw*, 478 U.S. 310 (1986)); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34

(2008) (statutes of limitation limiting the scope of governmental waiver of sovereign immunity

are absolute, jurisdictional, and forbid courts from considering whether equitable considerations

warrant extending a limitations period), *citing United States v. Dalm*, 494 U.S. 596, 608 (1990)

(a statute of limitations requiring that a suit against the Government be brought within a certain

time period is one of the terms of the Government's consent to be sued). *See also Franklin II*, 35

F.3d at 1469 (12 U.S.C. § 1464(d)(2)(B) is a waiver of sovereign immunity and establishes terms

of court's subject-matter jurisdiction); *Marietta Franklin*, 972 F.2d at 129 (12 U.S.C. § 1464

establishes terms of court's subject-matter jurisdiction); *First Sav. & Loan*, 547 F. Supp. at 995-

96 (failure to commence action seeking an order under 12 U.S.C. § 1464 removing receiver

within 30 days of appointment constitutes subject-matter jurisdictional bar to suit).

Lastly, the holding company's and individual directors' attempts to invoke this Court's

jurisdiction by means of some third party standing "on behalf of" the bank as "real parties in

interest" must necessarily fail. *See, e.g., Warth v. Seldin*, 422 U.S. 490 (1975); *Whitmore v.*

*Arkansas*, 495 U.S. 149 (1990); *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).  As the Court of Appeals succinctly put it, "one cannot have standing in federal court by asserting an injury to someone else."  *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 662 (D.C. Cir. 2010).

## E.  CONCLUSION

Only a savings association ordered into receivership by the OTS may challenge that decision.  No other party, individual, or company may invoke the association's sole power to file such a challenge.  In this case, the association's board did not authorize a timely receivership challenge, and as the Court lacks jurisdiction to hear the challenges made by third parties to the receivership decision, the Complaint must be dismissed with prejudice.

Dated: March 4, 2011                                    Respectfully submitted,

DEBORAH DAKIN
Acting Chief Counsel

DIRK S. ROBERTS
Deputy Chief Counsel, Litigation

CHRISTOPHER A. STERBENZ
DC Bar No. 437722
Senior Trial Attorney

SARAH J. AUCHTERLONIE
Trial Attorney

Office of Thrift Supervision
U.S. Department of the Treasury
1700 G Street, N.W.
Washington, D.C. 20552
(202) 906-6528 (Voice)
(202) 906-6353 (Fax)
christopher.sterbenz@ots.treas.gov