**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED WESTERN BANK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-0408 (ABJ) |
| OFFICE OF THRIFT SUPERVISION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION & ORDER**

On February 10, 2012, the Court granted a motion filed by the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC") to intervene for the limited purpose of addressing the production of documents by defendant Office of the Comptroller of the Currency ("OCC"). FDIC asserts that certain documents, which OCC has determined are responsive to plaintiff's discovery requests and which the Court has ordered OCC to produce, are protected by FDIC's bank examiner's privilege and/or the deliberative process privilege. FDIC contends that under the applicable statute and regulations, including 12 U.S.C. § 1821(t)(1) and 12 C.F.R. § 309.6(a), OCC is prohibited from producing FDIC's privileged material without its consent. In its ruling on the motion to intervene, the Court ordered FDIC to consider plaintiff's motion to compel [Dkt. # 60] as a request to waive the asserted privileges over the documents and to either authorize OCC to produce the documents or submit them *in camera* for the Court's review. Minute Order, Feb. 10, 2012.

On February 15, 2012, FDIC notified the Court that it had undertaken further review of the documents and elected to make a discretionary disclosure of some of them. Specifically, the

FDIC agreed to produce all of the liquidity reports and accompanying emails that OCC identified as responsive. FDIC represented that it would provide these documents to plaintiff after the Court ruled on it motion for protective order. [Dkt. # 77].

The Court will enter an appropriate protective order that limits the distribution of FDIC materials and restricts their use to the instant litigation as provided in paragraphs 1, 2, 6, and 7 of FDIC's proposed order. The Court also has no objection to the provision in paragraph 4 that calls for the redaction of irrelevant material from any confidential documents filed with the Court. However, paragraphs 3, 4, and 5, which require the filing of these materials under seal if submitted in connection with the upcoming briefing on the merits, are inconsistent with the D.C. Circuit's general view about the sealing of pleadings. Furthermore, the sealing requirement does not appear to be necessary unless plaintiff moves for leave to file materials related to its financial condition under seal pursuant to LCvR 5(j) and shows good cause to do so. Therefore, it is ORDERED that FDIC must submit a revised protective order for the Court's signature in accordance with these instructions **on or before March 2, 2012**.

There are three additional documents before the Court that OCC has identified as responsive but for which FDIC does not agree to waive its asserted privileges. They are:

(1) an email circulated among FDIC Board Members on November 5, 2010;

(2) a Case Memorandum to the FDIC Board dated October 25, 2010, which includes two attachments entitled "Cost Test Summary" and "Resolution"; and

(3) an agenda for the FDIC Board closed meeting on November 9, 2010.

## ANALYSIS

### I. The Privileges Asserted by FDIC

The deliberative process privilege "protects documents reflecting advisory opinions, recommendations, and deliberations comprising an agency's decisionmaking process." *First*

2

*Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994), citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). "[T]he ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions." *Sears, Roebuck & Co.*, 421 U.S. at 149–151 (discussing the privilege in the context of FOIA Exemption 5, which covers any documents "normally privileged in the civil discovery context"). As such, the privilege only applies to predecisional communications. *Id.* The privilege is similarly restricted to deliberative materials. *See Jordan v. U.S. Dept. of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978), *overruled in part on other grounds*, *Crooker v. BATF*, 670 F.2d 1051 (D.C. Cir. 1981) (en banc). Thus, a requested document "must be a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Id.* "[M]emoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and severable from its context would generally be available for discovery by private parties in litigation with the Government." *EPA v. Mink*, 410 U.S. 73, 87–88 (1973), *superseded by statute*, Public Law No. 93-502, 88 Stat. 1561 (1974).

Similarly, the bank examination privilege is a qualified privilege protecting bank examiners' reports and related information. *See In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d 630, 633–34 (D.C. Cir. 1992) ("*Fleet*"). Like the deliberative process privilege, the bank examination privilege protects opinions and recommendations but does not protect factual materials. *Schreiber v. Society for Sav. Bancorp, Inc.*, 11 F.3d 217, 220 (1993). The privilege exists to protect open communication between banks and regulators, which is essential to effective bank supervision. *Fleet*, 967 F.2d at 633–34. "The agency asserting the privilege has the burden of establishing its applicability to the documents at issue." *Schreiber*, 11 F.3d at 220.

When discussing the deliberative process privilege, the D.C. Circuit has stated that the privilege does not apply when the plaintiff's cause of action is directed at the government's intent. *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). "If Congress creates a cause of action that deliberately exposes government decisionmaking to the light, the privilege's raison d'être evaporates." *Id.* However, on rehearing, the court clarified this statement by reiterating that in most cases where a party is challenging agency action, the assessment of that action is based upon the administrative record alone:

> According to the government, our reasoning could be interpreted as suggesting that the deliberative process privilege would not apply in a case where the government action is challenged as arbitrary and capricious under the APA . . . .
>
> . . . .
>
> [T]he ordinary APA cause of action does not directly call into question the agency's subjective intent. And our holding that the deliberative process privilege is unavailable is limited to those circumstances in which the cause of action is directed at the agency's subjective motivation.

*In re Subpoena Duces Tecum Served on the Comptroller of the Currency,* 156 F.3d 1279 (D.C. Cir. 1998) (on petition for reh'g).

This case seems to fall somewhere between the two precedents. There is a specific statute that authorizes this court to review agency action – 12 U.S.C. §1464(d)(2)(B) – but the weight of authority indicates that this review should ordinarily be confined to the administrative record as in an ordinary APA case. *See Franklin Sav. Ass'n v. Office of Thrift Supervision,* 934 F.2d 1127, 1136 (10th Cir. 1991); *Guaranty Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.,* 794 F. 2d 1339, 1342 (8th Cir. 1986); *Gibralter Savings v. Ryan,* 772 F. Supp. 1290, 1293 (D.D.C. 1991). Plaintiff presented the Court with authority in support of its second motion to compel that led the Court to grant the motion and permit the limited discovery that has resulted

in the instant motion, *see* [Dkt. # 39-1], citing *Amfac Resorts, L.L.C. v United States DOI,* 143 F. Supp. 2d 7 (D.D.C. 2001)*,* but even the case law relied upon by the plaintiff in its effort to expand the record before the Court underscored that deliberative intra-agency memoranda are ordinarily privileged and need not be included. *Id.* at 13.  So, the Court is of the view that this is a case in which the privilege may properly be asserted.

However, both the bank examination privilege and the deliberative process privilege may be overcome by a good cause showing of competing interests.  *First Eastern Corp.*, 21 F.3d at 468 n.5; *Fleet*, 967 F.2d at 634.  In making this determination, the Court must balance the following factors:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Fleet*, 967 F.2d at 634 (announcing the five-factor balancing test for bank examination privilege); *First Eastern Corp.*, 21 F.3d at 468 n.5, quoting *Fleet*, 967 F.2d at 634 (noting that the *Fleet* balancing test should be applied to the deliberative process privilege).

**II.     The Court's Rulings on the Documents in Question**

Having reviewed the three documents *in camera*, the Court makes the following rulings on the FDIC's assertions of privilege:

- <u>Email circulated among FDIC Board Members on November 5, 2010</u>:  FDIC argues that the bank examiner's privilege and the deliberative process privilege shield the names of two of the three attachments to this email that are shown on the document.  With respect to the name of the third attachment, which relates to a financial institution not involved in this lawsuit, the Court will permit the

redaction since the name is not called for by the discovery request. But with respect to the name of the first attachment, neither of the privileges applies. The information that FDIC seeks to redact is simply a file name – it does not reflect any agency opinions or recommendations nor does it reveal anything about the agency's deliberative process. The Court notes that it is unlikely that production of a file name document will create a chilling effect on the candidness of government employees. *See Fleet*, 967 F.2d at 634. It is therefore ORDERED that this document be produced with only the name of the third attachment, involving an unrelated financial institution, redacted.

- <u>Case Memorandum to the FDIC Board dated October 25, 2010</u>: This document includes two attachments labeled "Cost Test Summary" and "Resolution," which will be addressed separately. With respect to the memorandum itself, the Court cannot determine whether the privileges are applicable and whether or not they have been overcome in this case without knowing whether OCC identified this document as responsive to plaintiff's discovery requests because it was "directly or indirectly considered by, or relied upon by the Acting Director in making the Seizure Decision," or because it was "provided to" the Acting Director. It is therefore ORDERED that OCC notify the Court **on or before March 2, 2012** of the answer to this question.

- <u>Attachment 1 to the Oct. 25, 2012 Memorandum entitled "Cost Test Summary"</u>: This record is not protected by the bank examiner's privilege that was asserted because it contains financial information that is purely factual and not does not

involve agency opinions or recommendations. It is therefore ORDERED that Attachment 1 be produced.

- Attachment 2 to the Oct. 25, 2012 Memorandum entitled "Resolution": This document is not protected from disclosure by the deliberative process privilege because it is a decisional document and is neither deliberative nor pre-decisional. Even if the privileges were applicable, they would be overridden because under the *Fleet* balancing test, good cause exists for disclosure because of the strong relevance of the evidence to the ultimate issue the Court must resolve under 12 U.S.C. § 1464(d)(2)(A), the limited availability of other evidence, and the seriousness of the litigation. This conclusion is strengthened by the facts that the bank has been shut down and placed in receivership, that the decision to place the bank in receivership was made exclusively by the government, and the low possibility that production of this document will create a chilling effect on the candidness of government employees. *See Fleet*, 967 F.2d at 634. It is therefore ORDERED that Attachment 2 be produced in full without redactions.

- <u>Agenda for the FDIC Board of Director's closed meeting on November 9, 2010</u>: The Court rules that this document may be redacted as proposed by FDIC under the asserted privileges because they reflect internal agency deliberations regarding potential actions involving institutions other than plaintiff.  It is therefore ORDERED that this document be produced subject to the redactions proposed by FDIC.

SO ORDERED.

*/s/ Amy B. Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:   February 24, 2012