UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED WESTERN BANK, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | |
| | ) | Case No. 11-408 (ABJ) |
| OFFICE OF THE COMPTROLLER, | ) | |
| OF THE CURRENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

MAR - 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**PROTECTIVE ORDER**

WHEREAS, counsel for one or more of the parties to the above-captioned action
(Litigation) have requested the discretionary disclosure of certain privileged and confidential
records of the Federal Deposit Insurance Corporation (FDIC) pursuant to 12 C.F.R.
§ 309.6(b)(8); and

WHEREAS, the FDIC has determined that the requirements for discretionary disclosure
under 12 C.F.R. § 309.6(b)(8) have been satisfied, and has therefore authorized disclosure of the
records identified in Exhibit 1 hereto (Confidential Records), provided that such disclosure is
made strictly under the terms and conditions of this Protective Order;

NOW THEREFORE, the Court hereby orders the following:

1.   The Confidential Records, and all information contained therein or related thereto,
shall be held strictly confidential and may be examined and used only in connection with the
preparation, discovery in connection with, trial, and appeal of the Litigation.

2.    No person, including, without limitation, the parties to the Litigation, their counsel, the Court, the Clerk of the Court, court reporters, or any employee or agent of any of the foregoing, shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Litigation.  Subject to paragraphs 4 and 5 below, nothing in the preceding sentence is intended to prevent or prohibit the use of information contained in the Confidential Records for the purpose of interrogating witnesses at depositions or in the trial of the Litigation.

3.    Plaintiff may, if it includes any of the Confidential Records or portions therefore in discovery documents filed with the Clerk of the Court, move to seal those Confidential Records pursuant to Local Rule 5.1(j)(1) to protect its financial information.  Separately, if the parties intend to include any of the Confidential Records or portions thereof in discovery documents filed with the Clerk of the Court, the party seeking to use the Confidential Records or related information shall provide the FDIC with at least five business days notice of such proposed use before including any Confidential Records or portions thereof in a public filing.  The notice will provide that, absent objection, the Confidential Records may be filed with the Clerk of the Court.  If the FDIC opposes the proposed disclosure, the FDIC shall file within three business days of receipt of the notice a Motion to Seal pursuant to Local Rule 5.1(j)(1), explaining the need for the seal.  Such notice will be provided to the FDIC via electronic mail to Barbara Sarshik and Duncan Stevens, Corporate Litigation Unit, General Litigation Section, FDIC Legal Division.

4.    Any party offering any of the Confidential Records into evidence in the trial of the Litigation, or in connection therewith, shall offer only those pages or portions thereof that are relevant and material to the issues in dispute.  The name of any person or entity contained on any

- 3 -

page of the Confidential Records who is not a party to the Litigation, or whose name is not otherwise relevant and material to the issues in dispute, shall be blocked out prior to the admission of such page into evidence.

5.    Plaintiff may, if it includes any of the Confidential Records or portions therefore for any purpose in the Litigation, including without limitation, use in any deposition, hearing, trial, or appeal, move to seal those Confidential Records pursuant to Local Rule 5.1(j)(1) to protect its financial information.  Separately, if a party intends to use, attach as an exhibit, or quote from any portion of the Confidential Records for any purpose in the Litigation, including without limitation, use in any deposition, hearing, trial, or appeal, the party shall provide the FDIC with at least five business days notice of such proposed use prior to including any Confidential Records or portions thereof in a public filing.   The notice will provide that, absent objection, the Confidential Records may be filed with the Clerk of the Court.  If the FDIC opposes the proposed disclosure, the FDIC shall file within three business days of receipt of the notice a Motion to Seal pursuant to Local Rule 5.1(j)(1), requesting that the Confidential Records in question be sealed against any disclosure inconsistent with the terms and conditions of this Protective Order, and further requesting that any quote from the Confidential Records be redacted from publicly filed briefs, transcripts or other writings.  Such notice will be provided to the FDIC via electronic mail to Barbara Sarshik and Duncan Stevens, Corporate Litigation Unit, General Litigation Section, FDIC Legal Division.

6.    At the conclusion of the Litigation (including any appeal), all Confidential Records in the possession or control of any person granted access to the Confidential Records under this Protective Order, including all copies, extracts and summaries thereof, shall forthwith be returned to the Assistant General Counsel, FDIC Legal Division, General Litigation Section, at

- 4 -

550 17th Street, NW, Washington, DC 20429, or shall be otherwise destroyed with notice

provided to the Assistant General Counsel, General Litigation Section, FDIC Legal Division, or

her designee.

7.   Any person granted access under this Protective Order to any of the Confidential

Records, or to information contained therein or related thereto, who uses such Confidential

Records or such information for any purpose other than the preparation, discovery in connection

with, trial, or appeal of the Litigation, or otherwise violates the terms or conditions of this

Protective Order, shall be subject to sanction by the Court.

8.   The terms and conditions of this Protective Order shall apply to any subsequent or

supplemental process that may be issued and served on the FDIC in connection with the

Litigation.

9.   The Confidential Records shall include all records identified in any amendments or

modifications of Exhibit 1. Any such amendment or modification shall be effective, without

need for approval by the Court, upon agreement between the parties and the FDIC.

10.  Disclosure of the Confidential Records under the terms and conditions of this

Protective Order shall not constitute a waiver of any privileges or confidentiality with respect to

such Confidential Records or with respect to any matters that relate in any way to any aspect of

the Confidential Records.

ORDERED this _6th_ day of _March_ 2012.

By: _____

Amy Berman Jackson
United States District Judge

## CONFIDENTIAL RECORDS

Subject to the terms and conditions of the Protective Order, disclosure of the privileged and confidential FDIC records listed or described below (Confidential Records) is hereby authorized under 12 C.F.R. § 309.6(b)(8)(ii).

1.   E-mail dated 12/17/10 from Joseph Meade to Philip Gerbick et al (OCC-UWB 00799-809)
2.   E-mail dated 12/17/10 from Thomas Trujillo to Philip Gerbick et al (OCC-UWB 00810-816)
3.   E-mail dated 12/20/10 from Thomas Trujillo to Philip Gerbick et al (OCC-UWB 00817-822)
4.   E-mail dated 12/21/10 from Thomas Trujillo to Philip Gerbick et al (OCC-UWB 00823-828)
5.   E-mail dated 12/22/10 from William Spangler to Philip Gerbick et al (OCC-UWB 00829-833)
6.   E-mail dated 12/23/10 from Thomas Trujillo to Philip Gerbick et al (OCC-UWB 00834-837)
7.   E-mail dated 12/23/10 from William Spangler to Philip Gerbick et al (OCC-UWB 00838-841)
8.   E-mail dated 12/23/10 from William Spangler to Philip Gerbick et al (OCC-UWB 00842-45)
9.   E-mail dated 12/23/10 from William Spangler to Philip Gerbick et al (OCC-UWB 00846-850)
10.  E-mail dated 12/23/10 from William Spangler to Philip Gerbick et al (OCC-UWB 00851-857)
11.  E-mail dated 12/27/10 from Philip Nieto to Philip Gerbick et al (OCC-UWB 00858-863)
12.  E-mail dated 12/28/10 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00864-868)
13.  E-mail dated 12/29/10 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00869-874)
14.  E-mail dated 12/30/10 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00875-880)
15.  E-mail dated 01/03/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00881-886)
16.  E-mail dated 01/03/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00887-892)
17.  E-mail dated 01/04/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00893-898)
18.  E-mail dated 01/05/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00899-904)
19.  E-mail dated 01/06/11 from Cynthia Spenner to Nicholas Dyer et al (OCC-UWB 00905-

- 6 -

910)

20.     E-mail dated 01/07/11 from Cynthia Spenner to Nicholas Dyer et al (OCC-UWB 00911-916)

21.     E-mail dated 01/10/11 from Cynthia Spenner to Nicholas Dyer et al (OCC-UWB 00917-922)

22.     E-mail dated 01/11/11 from Cynthia Spenner to Nicholas Dyer et al (OCC-UWB 00923-928)

23.     E-mail dated 01/12/11 from Cynthia Spenner to Nicholas Dyer et al (OCC-UWB 00929-934)

24.     E-mail dated 01/13/11 from Cynthia Spenner to Nicholas Dyer et al (OCC-UWB 00935-940)

25.     E-mail dated 01/14/11 from Cynthia Spenner to Nicholas Dyer et al (OCC-UWB 00941-946)

26.     E-mail dated 01/18/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00947-952)

27.     E-mail dated 01/19/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00953-958)

28.     E-mail dated 01/20/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00959-964)

29.     E-mail dated 01/21/11 from Cynthia Spenner to Philip Gerbick et al (OCC-UWB 00965-970)

30.     E-mail dated 11/08/10 from "Legal ESS Agenda" to John Bowman et al (OCC-UWB 01012)