## MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding (Memorandum or MOU) is made and effective this 10th day of December, 2009 (Effective Date), by and between United Western Bancorp, Inc., Denver, Colorado, OTS Docket No. H-2192 (Holding Company), holding company for its wholly owned subsidiary United Western Bank, Denver, Colorado (Association), and the Office of Thrift Supervision (OTS), acting by and through its Regional Director for the Western Region (Regional Director). Holding Company, acting through its Board of Directors (Board), agrees to take the following corrective actions to address the unsafe and unsound practices and the supervisory concerns and deficiencies set forth in the full-scope examination of the Holding Company as of March 30, 2009.

## CORRECTIVE ACTION PROVISIONS

### Association Support.

1. Holding Company must support, cooperate with and not impede the Association's compliance with the Memorandum of Understanding dated as of December 10, 2009 (Association MOU), including the Association's development of and compliance with an acceptable Capital Plan, Classified Asset Reduction Plan, Concentration Reduction Plan and Liquidity Contingency Plan as required by the Association MOU.

### Dividends.

2. Effective immediately, Holding Company shall not declare or pay dividends or any other capital distributions or redeem any capital stock without receiving the prior written non-objection of the Regional Director. Holding Company's written request for written approval shall be submitted to the Regional Director at least thirty (30) days prior to the anticipated date of the proposed dividend payment or distribution of capital.

3. Effective immediately, the Holding Company shall not take, directly or indirectly, dividends or any other form of payment representing a reduction in the Association's capital from the Association without receiving the prior written non-objection of the Regional Director. The Holding Company's written request for such non-objection shall be submitted to the Regional Director at least thirty (30) days prior to the anticipated date of the proposed dividend payment or capital distribution.

**Debt Limitations/Restrictions.**

4. Effective immediately, Holding Company shall not incur, issue, renew, repurchase, make payments on or rollover any debt, increase any current lines of credit, or guarantee the debt of any entity without receiving the prior written approval of the Regional Director. Holding Company's written request for written approval shall be submitted to the Regional Director at least thirty (30) days prior to the anticipated date of any such proposed action.

**Board Compliance with Memorandum.**

5. The Board and officers of the Holding Company shall take immediate action to cause the Holding Company to comply with the terms of this Memorandum.

6. By forty-five (45) days after the end of each quarter, the Board of the Holding Company, beginning with the quarter ending December 31, 2009, adopt a board resolution (Compliance Resolution), formally resolving that, following a diligent inquiry of relevant information (including reports of management), to the best of its knowledge and belief, during the immediately preceding quarter, the Holding Company complied with each provision of this Memorandum currently in effect, except as otherwise stated. The Compliance Resolution shall specify in detail how, if at all, full compliance was found not to exist and identify all notices of exemption or non-objection issued by the Regional Director or his or her designee that were outstanding as of the

date of its adoption. The Holding Company shall provide to the Regional Director a certified true copy of each Compliance Resolution as adopted by its Board within thirty (30) days of the meeting of its Board at which the Compliance Resolution was adopted.

7.  The minutes of the meetings of the Board of the Holding Company shall set forth the following information with respect to the adoption of the Compliance Resolution: (a) the identity of each director voting in favor of its adoption; and (b) the identity of each director voting in opposition to its adoption or abstaining from voting thereon, setting forth each director's reasoning for opposing or abstaining. The Board, by virtue of the submission of a certified true copy of each such Compliance Resolution by that Board to the Regional Director, shall be deemed to have certified to the accuracy of the statements set forth in each Compliance Resolution, except as noted therein.

**Notices.**

8.  Except as otherwise provided herein, all submissions, requests, communications, consents, or other documents relating to this MOU shall be in writing and sent by first-class U.S. Mail (or by reputable overnight carrier, electronic facsimile transmission, or hand delivery by messenger) addressed as follows:

   (a)   To the OTS:

   C.K. Lee, Regional Director
   Office of Thrift Supervision, Western Region
   225 E. John Carpenter Freeway, Suite 500
   Irving, TX 75062-2326

   With a Copy to:
   Nicholas J. Dyer, Assistant Director
   Office of Thrift Supervision, Western Region
   2001 Junipero Serra Boulevard, Suite 650
   Daly City, CA 94014-3897

(b)   To the Holding Company:

Guy A. Gibson, Chairman
United Western Bancorp, Inc.
700 17th Street, Suite 100
Denver, CO 80202-3501

**Time Limits.**

9.   Time limitations for compliance with the terms of this MOU run from the Effective Date and shall be based on calendar days, unless otherwise noted. The Regional Director, the Regional Deputy Director, or the assigned Assistant Director may extend any time limits set forth in this Memorandum by specifically granting that extension in writing.

**OTS Review of Actions Required.**

10.  The Regional Director, the Regional Deputy Director, or the assigned Assistant Director may provide a written notice of non-objection or request additional information with respect to any submission to the Regional Director required by this MOU.

**No Violations Authorized; OTS Not Restricted.**

11.  Nothing in this MOU shall be construed as: (a) allowing the Holding Company to violate any law, rule, regulation, or policy statement to which it is subject, or (b) restricting or estopping OTS from taking any action(s), including without limitation any actions that it believes are appropriate in fulfilling the responsibilities placed upon it by law.

**Other Miscellaneous Provisions.**

12.  The section and Section headings herein are for convenience only and shall not affect construction hereof.

13.  The laws of the United States of America shall govern the construction and validity of this MOU.

United Western Bancorp, Inc.
OTS Docket No. H-2192
Memorandum of Understanding

4

14. In case any provision in this MOU is ruled to be invalid, illegal, or unenforceable by the decision of any court of competent jurisdiction, the validity, legality, and enforceability of the remaining provisions hereof shall not in any way be affected or impaired thereby, unless the Regional Director, in his/her sole discretion, determines otherwise.

15. The terms and provisions of this MOU shall be binding upon, and inure to the benefit of, the parties hereto and their successors in interest. Nothing in this MOU, express or implied, shall give to any person or entity, other than the parties hereto, the Federal Deposit Insurance Corporation, and their successors hereunder, any benefit or any legal or equitable right, remedy or claim under this MOU.

16. This MOU may be executed in two or more counterparts, all of which shall be considered one and the same agreement and each of which shall be deemed an original. The provisions of this MOU shall be binding upon the Holding Company and any institution-affiliated party as such term is defined in Section 3(u) of the FDIA, 12 U.S.C. § 1813(u), to include its directors, officers, employees, agents, successors, assigns, and other persons participating in the conduct of the Holding Company's affairs.

17. This MOU shall become effective on the Effective Date as defined herein.

18. The Board shall not adopt a board resolution rescinding its obligations under this MOU without the prior written notice of non-objection of the Regional Director.

19. The provisions of this MOU shall remain effective except to the extent that, and until such time as, any provisions of this MOU shall have been modified, terminated, suspended, or set aside by the OTS through the Regional Director.

IN WITNESS WHEREOF, OTS, acting by and through the Regional Director, and United Western Bancorp, Inc., Denver, Colorado, in accordance with a duly adopted resolution of its Board, which is attached hereto, hereby execute this Memorandum as of the Effective Date.

| UNITED WESTERN BANCORP, INC.<br>Denver, Colorado | OFFICE OF THRIFT SUPERVISION |
|---|---|
| By: _____<br>Guy A. Gibson, Chairman | By: _____<br>C.K. Lee<br>Regional Director, Western Region<br><br>Date: See Effective Date on page 1 |

_____
James H. Bullock, Director

_____
Bernard C. Darré Director

_____
Jeffrey R. Leeds, Director

_____
Michael J. McCloskey, Director

_____
Lester Ravitz, Director

_____
Robert T. Slezak, Director

_____
William D. Snider, Director

_____
Scot T. Wetzel, Director

IN WITNESS WHEREOF, OTS, acting by and through the Regional Director, and United Western Bancorp, Inc., Denver, Colorado, in accordance with a duly adopted resolution of its Board, which is attached hereto, hereby execute this Memorandum as of the Effective Date.

| UNITED WESTERN BANCORP, INC.<br>Denver, Colorado | OFFICE OF THRIFT SUPERVISION |
|---|---|
| By: _____<br>Guy A. Gibson, Chairman | By: _____<br>C.K. Lee<br>Regional Director, Western Region<br><br>Date: See Effective Date on page 1 |

*/s/ James H. Bullock*
_____
James H. Bullock, Director

_____
Bernard C. Darré Director

_____
Jeffrey R. Leeds, Director

_____
Michael J. McCloskey, Director

_____
Lester Ravitz, Director

_____
Robert T. Slezak, Director

_____
William D. Snider, Director

_____
Scot T. Wetzel, Director

United Western Bancorp, Inc.
OTS Docket No. H-2192
Memorandum of Understanding

6

IN WITNESS WHEREOF, OTS, acting by and through the Regional Director, and United Western Bancorp, Inc., Denver, Colorado, in accordance with a duly adopted resolution of its Board, which is attached hereto, hereby execute this Memorandum as of the Effective Date.

| UNITED WESTERN BANCORP, INC.<br>Denver, Colorado | OFFICE OF THRIFT SUPERVISION |
|---|---|
| By: _____<br>Guy A. Gibson, Chairman | By: _____<br>C.K. Lee<br>Regional Director, Western Region<br><br>Date: See Effective Date on page 1 |

_____
James H. Bullock, Director

*[signature: Bernard Darré]*
Bernard C. Darré Director

_____
Jeffrey R. Leeds, Director

_____
Michael J. McCloskey, Director

_____
Lester Ravitz, Director

_____
Robert T. Slezak, Director

_____
William D. Snider, Director

_____
Scot T. Wetzel, Director

12/03/2009  14:49    9144282680                    LEEDS                                    PAGE  02

IN WITNESS WHEREOF, OTS, acting by and through the Regional Director, and United Western Bancorp, Inc., Denver, Colorado, in accordance with a duly adopted resolution of its Board, which is attached hereto, hereby execute this Memorandum as of the Effective Date.

| UNITED WESTERN BANCORP, INC.<br>Denver, Colorado | OFFICE OF THRIFT SUPERVISION |
|---|---|
| By: _____<br>Guy A. Gibson, Chairman | By: _____<br>C.K. Lee<br>Regional Director, Western Region<br><br>Date: See Effective Date on page 1 |

_____
James H. Bullock, Director

_____
Bernard C. Darré Director

*[signature]*
Jeffrey R. Leeds, Director

_____
Michael J. McCloskey, Director

_____
Lester Ravitz, Director

_____
Robert T. Slezak, Director

_____
William D. Snider, Director

_____
Scot T. Wetzel, Director

United Western Bancorp, Inc.
OTS Docket No. H-2192
Memorandum of Understanding

6

IN WITNESS WHEREOF, OTS, acting by and through the Regional Director, and United Western Bancorp, Inc., Denver, Colorado, in accordance with a duly adopted resolution of its Board, which is attached hereto, hereby execute this Memorandum as of the Effective Date.

**UNITED WESTERN BANCORP, INC.**
**Denver, Colorado**

By: _____
Guy A. Gibson, Chairman

**OFFICE OF THRIFT SUPERVISION**

By: _____
C.K. Lee
Regional Director, Western Region

Date:  See Effective Date on page 1

_____
James H. Bullock, Director

_____
Bernard C. Darré Director

_____
Jeffrey R. Leeds, Director

_____
Michael L. McCloskey, Director

_____
Lester Ravitz, Director

_____
Robert T. Slezak, Director

_____
William D. Snider, Director

_____
Scot T. Wetzel, Director

IN WITNESS WHEREOF, OTS, acting by and through the Regional Director, and United Western Bancorp, Inc., Denver, Colorado, in accordance with a duly adopted resolution of its Board, which is attached hereto, hereby execute this Memorandum as of the Effective Date.

| UNITED WESTERN BANCORP, INC.<br>Denver, Colorado | OFFICE OF THRIFT SUPERVISION |
|---|---|
| By: _____<br>Guy A. Gibson, Chairman | By: _____<br>C.K. Lee<br>Regional Director, Western Region<br><br>Date: See Effective Date on page 1 |

_____
James H. Bullock, Director

_____
Bernard C. Darré Director

_____
Jeffrey R. Leeds, Director

_____
Michael J. McCloskey, Director

_____
Lester Ravitz, Director

___/s/ R T Slezak_____
Robert T. Slezak, Director

_____
William D. Snider, Director

_____
Scot T. Wetzel, Director

**IN WITNESS WHEREOF**, OTS, acting by and through the Regional Director, and United Western Bancorp, Inc., Denver, Colorado, in accordance with a duly adopted resolution of its Board, which is attached hereto, hereby execute this Memorandum as of the Effective Date.

| UNITED WESTERN BANCORP, INC.<br>Denver, Colorado | OFFICE OF THRIFT SUPERVISION |
|---|---|
| By: _/s/_____<br>Guy A. Gibson, Chairman | By: _____<br>C.K. Lee<br>Regional Director, Western Region<br><br>Date: See Effective Date on page 1 |

_____
James H. Bullock, Director

_____
Bernard C. Darré Director

_____
Jeffrey R. Leeds, Director

_/s/_____
Michael J. McCloskey, Director

_____
Lester Ravitz, Director

_____
Robert T. Slezak, Director

_/s/_____
William D. Snider, Director

_/s/_____
Scot T. Wetzel, Director

## CERTIFIED COPY OF
## RESOLUTION OF BOARD OF DIRECTORS

I, the undersigned, being the duly appointed and qualified Secretary of United Western Bancorp, Inc., Denver, Colorado (United Western Bancorp or Holding Company), hereby certifies as follows:

1.  A duly called meeting of the Board of Directors of United Western Bancorp was held on December 3, 2009;

2.  At the meeting, a quorum was present and voting throughout;

3.  The following is a true copy of resolution duly adopted by United Western Bancorp's Board of Directors, which resolution has not been rescinded or modified and is now in full force and effect:

WHEREAS, the Board of Directors of United Western Bancorp wishes to continue to cooperate with Office of Thrift Supervision and to demonstrate that United Western Bancorp and the Board intend to continue to: (1) comply with all appropriate laws and regulations; and (2) engage in safe and sound practices; and

WHEREAS, the Directors of United Western Bancorp have read and considered the proposed Memorandum of Understanding, which shall be attached to the minutes of this meeting; and

WHEREAS, after due consideration, the Directors of United Western Bancorp have determined to cause the Holding Company to enter into the proposed Memorandum of Understanding, which is in the best interest of the Holding Company.

NOW THEREFORE, BE IT RESOLVED, that United Western Bancorp, and it hereby is, authorized to enter into the Memorandum of Understanding in the form attached to the minutes of the meeting;

FURTHER RESOLVED, that the execution and delivery of, and performance of all of the provisions of the Memorandum of Understanding be, and they hereby are, authorized and approved;

AND FURTHER RESOLVED, that the Directors and Officers of United Western Bancorp be, and they hereby are, authorized and directed to execute and deliver the Memorandum of Understanding and to take all steps necessary or appropriate to implement the terms of the Memorandum of Understanding and to cause United Western Bancorp to comply in all respects with the terms of the Memorandum of Understanding.

4.  All members of the Board of Directors were present and voted at the meeting and all members of the Board of Directors voted in favor of the resolution;

IN WITNESS WHEREOF, I have hereto subscribed my name and affixed the seal of United Western Bancorp, Inc., Denver, Colorado, on this 9th day of December, 2009.

_____
Linda A. Selub, Secretary



**Office of Thrift Supervision**
Department of the Treasury                                              *Western Region*

Pacific Plaza, 2001 Junipero Serra Boulevard, Suite 650, Daly City, CA 94014-3897     Daly City Area Office
P.O. Box 7165, San Francisco, CA 94120-7165 • Telephone: (650) 746-7000 • Fax: (650) 746-7001

December 17, 2009

Mr. Scot T. Wetzel
President and CEO
United Western Bank
700 17th Street, Suite 700
Denver, Colorado  80202-3501

Dear Mr. Wetzel:

As we recently discussed with you, we have scheduled a field visit of United Western Bank for the four weeks beginning January 11, 2010. The primary focus of the review will be on asset quality, including both the loan portfolio and the portfolio of mortgage-backed securities. Reviewing the ongoing appropriateness of institutions' CAMELS ratings in light of current conditions is a regular part of our between-examinations monitoring process, and we will also include this review in the scope of our field visit.

Our review of the mortgage-backed securities portfolio will include your process for monitoring the condition and fair market value of individual securities and your process for risk-weighting the securities for the Thrift Financial Report. This review will be done as an update to the last full-scope examination and to validate your current practices. In addition, we will review your process for classifying securities using the guidance in the OTS's June 15, 2004 CEO Letter 200. As discussed in the letter, there is a general expectation that below investment-grade securities should be graded "pass" only if the institution can demonstrate that the security is the credit equivalent of investment-grade.

Until we complete our review of your process for classifying securities, we request that you follow the general guidance in CEO Letter 200, and therefore direct you to classify all of your securities rated below investment-grade (by at least one rating agency) substandard and report them as such in the December 31, 2009 Thrift Financial Report. Our upcoming field visit will consider information your review process provides to determine if any of these securities are the credit equivalent of investment grade and would therefore not be subject to classification.

Walt Santos will be the Examiner-in-Charge of the field visit and will be assisted by four other examiners. We are also expecting FDIC examiners to participate; we will let you know how many will join as soon as we find out. Please arrange to have the appropriate space and materials (copy machine, telephone, high-speed data lines, etc.) available for the examiners.



**Office Of Thrift Supervision**
**Department of the Treasury**                                    *Western Region*

Daly City Office • (650) 746-7000 • Fax: (650) 746-7001
Pacific Plaza, 2001 Junipero Serra Boulevard, Daly City, CA 94014-1976
P.O. Box 7165, San Francisco, CA 94120-7165

## REPORT OF EXAMINATION

**United Western Bank**
**Denver, CO 80202-3501**

**Docket Number:** 06679
**Type of Examination:** Comprehensive Limited
**Examination Start Date:** January 11, 2010
**Examiner-in-Charge:** Walter Santos
**Date:** April 28, 2010

### SCOPE

An onsite field visit of United Western Bank (UWB), Denver, Colorado, was conducted from January 11, 2010 to February 25, 2010. The purpose of the visit was to review the bank's Composite/CAMELS ratings considering noted deterioration in financial results since the previous examination date. The field visit covered the nine-month period ended December 31, 2009. We also reviewed the bank's large portfolio of non-agency mortgage-backed securities (MBS), with particular focus on the bank's process for reviewing these securities for other-than-temporary impairment (OTTI). FDIC examiners joined us on this onsite review.

### CONCLUSIONS

Liquidity risk is of heightened concern because of the bank's significant concentration in institutional deposits (almost 80 percent of all deposits at the Bank) as a funding source, and the uncertainty as to whether the FDIC will deem these institutional deposits brokered deposits. If the FDIC concludes that all institutional deposits are brokered, the resulting impact could seriously threaten the viability of the Bank.

UWB's capital is deficient, as noted in the Memorandum of Understanding (MOU) between the Bank and OTS that became effective December 10, 2009. This conclusion is based on the bank's high risk profile, deteriorating asset quality trends, the potential impact of future OTTI from the bank's non-agency MBS portfolio and deterioration in earnings. The Bank incurred material operating losses for the three quarters ended December 31, 2009.

1